FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 7 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION
Delta

**JUSTIN JONES, Individually and on
Behalf of All Others Similarly Situated**                              **PLAINTIFF**

vs.                                    No. 2:19-cv-_148-BRW_

**ST. FRANCIS COUNTY, ARKANSAS**                          **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Justin Jones, individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant St. Francis County, Arkansas ("Defendant"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff Justin Jones, individually and on behalf of all others similarly situated ("Plaintiff"), against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals lawful overtime

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Kearney_

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II.   JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, within the Eastern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.    Plaintiff is an individual and resident and domiciliary of Cross County.

7.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

8.    As an employee of Defendant, Plaintiff was an employee of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq*.

9.    At all times material herein, Plaintiff was classified as an hourly employee for Defendant and paid an hourly rate.

10.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11.     Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

12.     At all relevant times herein, Defendant directly hired Plaintiff to work in its law enforcement agency, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

13.     Defendant operates the St. Francis County Sheriff's Department where Plaintiff was employed within the three (3) years prior to the filing of this Complaint as a sheriff's deputy.

14.     Defendant can be served through the St. Francis County Judge, who is Gary Hughes, 313 South Izard, Forrest City, Arkansas 72335.

15.     At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.     Plaintiff was employed by Defendant as an hourly-paid sheriff's deputy from summer of 2016 until May of 2019.

18.     Upon information and belief, Defendant did not establish a "work period" for the sheriff's department pursuant to the FLSA.

19.     Plaintiff was routinely required to work in excess of 40 hours per week and was not paid for all hours worked, nor was he paid properly for overtime.

20.     Even if Defendant did establish a work period for the sheriff's department, Plaintiff was routinely required to work in excess of 171 hours in a 28-day period and was not paid for all hours worked, including overtime.

21.     Plaintiff was instructed to phone in his hours each day, but no matter how many hours he verbally reported, his paycheck never reflected more than 40 hours worked each week.

22.     Defendant knew that Plaintiff worked in excess of 40 hours per week and also over 171 hours in a 28-day period, and Defendant required him to do so.

23.     Defendant did not pay Plaintiff any overtime compensation because Defendant shorted Plaintiff's reported work hours.

24.     Defendant did not provide Plaintiff with sufficient compensatory time off for his overtime hours.

25.     Plaintiff spent the majority of his workdays patrolling the county, writing traffic citations, completing paperwork relating to incidents he responded to, and appearing in court as a lay witness.

26.     During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

27.     Plaintiff did not select any employees for hire nor did he provide any formal training for any employees.

28.     Plaintiff had no ability to hire and fire any employee.

29.     Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

30.     Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

31.     Plaintiff did not have any responsibility for planning or controlling budgets.

32.     Plaintiff was not paid for any hours he worked over 40 per week because it was Defendant's policy to record no more than 40 hours worked per week, even if a deputy reported more hours.

33.     Plaintiff's actual day-to-day job duties and responsibilities were not exempt under the FLSA with respect to payment for time worked in excess of 40 hours per week, or alternatively 171 hours in a 28-day period.

34.     Plaintiff's primary duty was policing, not managing other police officers.

35.     Plaintiff regularly worked in excess of 40 hours per week, or alternatively 171 hours in a 28-day period; he did not receive any overtime compensation.

36.     Although Plaintiff had assigned shifts, Plaintiff frequently had to appear in court as a lay witness outside of his shifts, which resulted in working many additional hours over the scheduled shifts.

37.     Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

38.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40.     Plaintiff brings his FLSA claims on behalf of all hourly sheriff's deputies employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA  and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including a minimum wage for all hours worked for Defendant and overtime premiums for all hours worked for Defendant in excess of 40 hours in a workweek, or alternatively 171 hours in a 28-day work period; and

B.     Liquidated damages and attorneys' fees and costs.

41.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto a written Consent to Join this lawsuit.

42.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

43.     The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They recorded their time in the same manner; and

D.    They were subject to Defendant's common policy of denying overtime pay for hours worked over forty per work week.

44.    Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that it exceeds twenty (20) persons.

45.    Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

46.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49.    29 U.S.C. §§ 206 and 207 require any public agency to pay employees engaged in law enforcement activities a minimum wage for all hours worked up to 40 in one week, or up to 171 in a 28-day period if such an election has been made, and time

and a half of regular wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

50.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

51.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful overtime premium.

52.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

53.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

54.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

56.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

57.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 in one week, or over 171 in a 28-day period if such an election has been made, and time and a half of regular

wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

58.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

59.    Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful overtime premium.

60.    Defendant's failure to pay Plaintiff all overtime wages owed was willful.

61.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

62.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

63.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64.    Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66. Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated for all hours worked and failed to pay Plaintiff and those similarly situated a lawful overtime premium.

68. Defendant's failure to pay Plaintiff and those similarly situated all overtime wages owed was willful.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Justin Jones respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective action members;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

E.     Judgment for damages for all unpaid minimum wage and overtime wage compensation owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.     Judgment for damages for all unpaid minimum wage and overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

G.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid wages owed to Plaintiff and the proposed class members during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I.     For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JUSTIN JONES, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com