**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**JUSTIN JONES, Individually and on
Behalf of All Others Similarly Situated**                                                    **PLAINTIFF**

**VS.**                                              **2:19-CV-00148-BRW**

**ST. FRANCIS COUNTY, ARKANSAS**                                                       **DEFENDANT**

<u>**ORDER**</u>

     Pending is Defendant's Motion for Summary Judgment (Doc. No. 8).  Plaintiff has
responded and Defendant has replied.[1]  For the reasons set out below, the motion is GRANTED
IN PART and DENIED IN PART.

**I.      BACKGROUND**[2]

     Justin Jones ("Plaintiff") worked for St. Francis County ("Defendant") as a Sheriff's
department patrol deputy from 2016 until 2019.  He worked overtime during emergency
situations, to cover local court needs, and cut his lunch break short when circumstances required.
Plaintiff received eight hours of comp time each month.  Plaintiff never made any written or
verbal complaints about his pay during his employment with Defendant.  He was paid at a rate of
at least $14 per hour.

     On November 27, 2019, Plaintiff filed a collective action complaint seeking relief under
the Fair Labor Standards Act ("FSLA")[3] and the Arkansas Minimum Wage Act ("AMWA")[4] for
himself and "others similarly situated" who are or have previously been employed by Defendant.

---

[1]Doc. Nos. 12, 13.

[2]Unless otherwise noted, the Background is from the concise statements of undisputed
material facts (Doc. Nos. 10, 13).

[3]29 U.S.C. §§ 201, *et seq*.

[4]Ark. Code Ann. §§ 11-4-201, *et seq*.

Defendant seeks summary judgment on Plaintiff's collective action because he has failed to seek certification of the case under the FSLA.  Defendant also seeks summary judgment on Plaintiff's individual FLSA and AMWA claims, alleging that the evidence in the record does not support those claims.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.[5]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met: The inquiry is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.[7]

The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the moving party for summary judgment is only to demonstrate, i.e., [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that

---

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir.1979), *cert. denied*, 444 U.S. 991 (1979).

there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## III.   DISCUSSION

### A.   Collective Action

Plaintiff conceded that the time for pursuing a collective action has passed and that he no longer intends to pursue one.[10]  Accordingly, Defendant's motion for summary judgment on Plaintiff's claims as a collective action is granted.

### B.   FLSA Claim

The FLSA requires employers to pay non-exempt employees at a rate not less than one and one-half times an employee's regular rate for all hours worked more than 40 hours in a week.[11]  The parties do not dispute that Plaintiff is non-exempt.  If an employee is non-exempt, the employee must be compensated for duties "before and after scheduled hours . . . if the employer knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity."[12]  In other words, an employer must pay a non-exempt employee for hours that the employer has actual or constructive knowledge that the employee worked.

---

[8]*Counts v. M.K. Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir.1988 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273–274 (8th Cir.1988) (citations omitted) (brackets in original)).

[9]*Anderson*, 477 U.S. at 248.

[10]Doc. No. 12, n.1.

[11]29 U.S.C. § 207(a)(1).

[12]*Hertz v. Woodbury Cnty, Iowa*, 566 F.3d 775, 781 (8th Cir. 2009).

The constructive knowledge rule requires an employer to exercise reasonable diligence to determine whether its employees are working more than their scheduled hours.[13]  The FLSA requires employers to keep records of the hours worked each day and a total of the number of hours worked each week by each employee.[14]  However, access to records indicating that an employee was working overtime is not necessarily sufficient to establish that the employer had constructive knowledge.[15]  "The FLSA's standard for constructive knowledge in the overtime context is whether the [employer] should have known, not whether it could have known."[16]

If an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process.[17]  However, courts have found that an employer's formal policy for reporting overtime will not protect the employer if the employer prevents or discourages accurate reporting of overtime in practice.[18]

Defendant asserts that Plaintiff cannot establish an FSLA claim with the evidence in the record.  It points to Plaintiff's deposition testimony which indicates that he did not work overtime on a day-by-day or shift-by-shift basis, but only during a "couple of emergency

---

[13]*Shaunpen Zhou v. Intern. Bus. Machines Corp.*, Case No. 15-cv-1027-LRR, 2017 WL 1217195, 17 (N.D. Iowa Mar. 31, 2017) (citing *Hertz*, 566 F.3d at 781).

[14]29 U.S.C. § 211(c).

[15]*Hertz*, 566 F.3d at 781-82.

[16]*Id.* at 782.

[17]*Cage v. Multiband, Inc.*, Case No. 1:12-cv-87 SNLJ, 2015 WL 687120, at 10 (E.D. Mo. Feb. 18, 2015); *Hussein v. Capital Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1192 (D. Minn. 2015).

[18]*Allen v. City of Chi.*, 865 F.3d 936, 939 (7th Cir. 2017).

4

situations" and when he had to attend court.[19]  Defendant points out that Plaintiff made no objections to his pay or the comp time he received during his employment.  Defendant contends that Plaintiff cannot successfully argue that the eight hours of comp time he received each month was insufficient to cover any overtime obligations, because in his previous testimony he could not identify the exact amount overtime he worked or wages he was due.[20]  Defendant asserts that because Plaintiff is his only witness, his claim necessarily fails as a matter of law.  I disagree.

It is true that when Plaintiff was asked during his deposition "[h]ow many hours of overtime did you work in 2018, do you have an answer for that question?" he responded, "I do not.  I trusted my lawyer to get that information."[21]  When asked "[i]f I were to ask you how many overtime hours did you work in March of 2018, you wouldn't have an answer for that question either, right?" He again answered, "I do not. I trusted my lawyer to get it."  However, Plaintiff did make claims about his work hours.  He testified that he did not usually use all his allotted hour for lunch breaks.[22]  Plaintiff also testified his only "distinct recollections of staying over [his] scheduled time" were emergency situations and court. [23]

In his affidavit, Plaintiff expanded his previous testimony concerning alleged overtime hours.[24]  He estimated "that [he] worked approximately 7 hours off-the-clock each week. This is based on the fact that [he] rarely took a full hour for lunch (two hours per week), spent time after

---

[19]Doc. No. 10-1, p. 17.

[20]*Id.* at 23.

[21]*Id.* at 16.

[22]*Id.* at 16-17.

[23]*Id.* at 17.

[24]Doc. No. 12-1, p. 1.

my shift wrapping up emergencies (three hours per week), and appeared in court every week (two hours per week)."

During the deposition  Plaintiff's counsel asked him "Do you believe that eight hours a month covered the amount of hours you were working beyond your schedule?"[25]  Apparently, the video call froze, the parties agreed to end the deposition, and Plaintiff's counsel withdrew the question.  Plaintiff explains in his affidavit that during his deposition, "[t]he video call dropped during my lawyer's cross-examination and we were not able to complete the deposition. The statements that I've made in this declaration are what I would have said in my deposition had I been asked before the call dropped."

In response, Defendant contends that this is a "sham affidavit" that must be disregarded because it contradicts Plaintiff's prior testimony.

An affidavit is a sham affidavit if it contradicts prior testimony or is a "sudden and unexplained revision of testimony [that] creates an issue of fact where none existed before."[26] However, if the affidavit merely explains portions of a prior deposition that may have been unclear, it is not a sham affidavit.[27]

I don't believe that Plaintiff's affidavit was directly contrary to his previous statements, or that it raised only a "sham issue" concerning the hours he worked.  Rather, Plaintiff was entitled to present evidence by way of affidavit concerning the details of his work hours.  In his affidavit, Plaintiff estimated the hours worked in each category of overtime he alleged in his previous testimony, and answered a question that he didn't answer in his deposition due to a

---

[25]Doc. No.

[26]*Button v. Dakota, Minnesota & E. R.R. Corp.*, 963 F.3d 824, 830 (8th Cir. 2020) (quoting *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999)).

[27]*Id.* (citing *City of St. Joseph v. Sw. Bell Tel.*, 439 F.3d 468, 476 (8th Cir. 2006).

technical problem.  This is not the sort of direct contradiction that justifies striking Plaintiff's affidavit.

Accordingly, a material fact dispute remains regarding whether Defendant was adequately compensated for the hours he worked.  Defendant's motion for summary judgement on the FLSA claim is denied.

### C.    AMWA Claim

Defendant contends that Plaintiff's AMWA claim fails because he testified that he was paid at a rate of more than $14 per hour which exceeds the minimum wage thresholds under state and federal law.[28]  Plaintiff responds that his AMWA claim is for unpaid overtime under Ark. Code Ann. § 11-4-211, rather than a hourly wage claim.

Although not a model of clarity, Plaintiff's Complaint asserts a claim for failure to pay overtime.[29]  Under Arkansas law, Defendant was required to either pay Plaintiff "a rate not less than one and one-half times his regular rate of pay," or compensate him with "time off at a rate of not less than one and one-half  hours for each hour of employment" in excess of 40 hours per week.[30]  So, the fact Plaintiff admitted to a regular pay rate above $14 per hour is irrelevant in this case.

Accordingly, for the reasons stated above concerning Plaintiff's FLSA claim, Defendant's motion for summary judgement on the AMWA claim is denied.

---

[28]29 U.S.C. § 206; Ark. Code Ann. § 11-4-210.

[29]Doc. No. 2, p. 9.

[30]§§ 11-4-211(a), (f).

### D.      Liquidated Damages

The parties dispute whether the Defendant's alleged conduct was willful. Claims under the FSLA have a two year statute of limitations unless the conduct was willful, in which case the statute of limitations is three years.[31]

The parties also dispute whether Defendant acted in good faith.  Under the FLSA, employers who violate the Act are liable not only for unpaid wages but for "an additional equal amount as liquidated damages."[32]  The FLSA does, however, allow courts, in their discretion, to reduce the amount awarded in liquidated damages or to eliminate them entirely if an employer proves that its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA.[33]  "[T]he employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness."[34]  The "good faith" requirement is a subjective standard where the employer must establish "an honest intention to ascertain and follow the dictates of the FLSA," and the "reasonable grounds" requirement is an objective standard that the employer's position was "objectively reasonable."[35]

The employer bears the burden of proving he acted in good faith and had reasonable grounds, but the burden is high because single damages are the exception.[36]  To avoid a

---

[31]29 U.S.C. § 255(a).

[32]29 U.S.C. § 216(c).

[33]29 U.S.C. § 260.

[34]Reich, 121 F.3d at 71 (citation and internal quotation marks omitted).

[35]*Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008) (internal citations and quotation marks omitted).

[36]*Id.* at 941–42.

liquidated damages award, the employer must show it took affirmative steps to learn the requirements of the FLSA, and the employer's position must be objectively reasonable.[37]

Defendant asserts that the undisputed facts show that Defendant did not act in bad faith or wilfully violate the FLSA. Defendant relies on three specific parts of Plaintiff's deposition testimony: (1) "that he did not work overtime on a day-by-day or shift-by-shift basis, but only during a 'couple of emergency situations' and to attend court," (2) "that he received eight hours of comp time each month to compensate for those hours," and (3) "that he never made any written or verbal complaints about his pay during his employment with St. Francis County."[38]

The question of willfulness is for the jury.[39] The statute of limitations on Plaintiff's claims, then, is also a matter for trial.[40]

At this stage, I find that Defendant has failed to meet its burden of proof on the good faith defense. It does appear that Defendant may have relied on Ark. Code Ann. § 11-4-211 to provide Plaintiff with 8 hours of comp time each month. However, Plaintiff's testimony that he received the 8 hours of comp time and did not complain, alone, fails to prove Defendant's objective reasonableness. Granted, this issue might not go to the jury once the evidence is presented. Accordingly, a genuine dispute of material exists on the willfulness and good faith of Defendant's actions. Defendant's motion for summary judgment on these issues is denied.

---

[37]*Id.* at 942.

[38]Doc. No. 9-1, p. 4.

[39]*Broadus v. O.K. Indus., Inc.*, 226 F.3d 937, 944 (8th Cir. 2000).

[40]*Id.*

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED IN PART and DENIED IN PART.  The request of collective action is DISMISSED.  The remaining issues will proceed to trial before a jury.

IT IS SO ORDERED this 4th day of March, 2021.


<u>Billy Roy Wilson</u>
 UNITED STATES DISTRICT JUDGE